IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03399-GPG

DELISE ROSS, a/k/a DELAREE ROSS,

    Plaintiff,

v.

DANIEL CLARK, Aurora Police Officer,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Delise Ross, a/k/a Delaree Ross, resides at 3290 Dahlia Street in Denver, Colorado. Ms. Ross has filed *pro se* a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of her constitutional rights. She has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Ms. Ross is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Ms. Ross will be ordered to file an amended complaint.

Plaintiff alleges in the Complaint that on September 17, 2011, she was arrested by Defendant, Daniel Clark, an Aurora Police Officer, without probable cause, for robbery and assault. Ms. Ross asserts that Defendant Clark arrested her, knowing that she did not fit the description of the alleged female suspect, as described to him by the

victim. Plaintiff states that the criminal action against her was dismissed by the district attorney on July 3, 2013 for lack of evidence. (*See also* ECF No. 5). She asserts claims of "mental distress," "emotional distress," and "physical distress." (ECF No. 1, at 3-6). Ms. Ross seeks monetary relief.

The Complaint is deficient because broad and vague assertions of "mental distress," "emotional distress," and "physical distress," do not constitute legally cognizable claims. "To state a claim in federal court, a complaint must explain what each defendant did [to the plaintiff]; when the defendant did it; how the defendant's actions harmed [the plaintiff], and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A liberal construction of the Complaint indicates that Ms. Ross may be asserting a § 1983 malicious prosecution claim against the Defendant. To state an arguable claim for relief, Ms. Ross must allege facts to show that: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

Ms. Ross will be allowed an opportunity to remedy the defects in her pleading to assert the deprivation of a constitutional right, actionable under 42 U.S.C. § 1983, with supporting factual allegations. Accordingly, it is

ORDERED that Plaintiff, Delise Ross, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Ms. Ross shall obtain the court-approved Complaint form at www.cod.uscourts.gov. Alternatively, Ms. Ross can obtain a copy of the Complaint form at the United States District Court Clerk's Office, 901 19th St., Denver, Colorado. It is

FURTHER ORDERED that, if Ms. Ross fails to file an amended complaint within the time allowed, the Court may dismiss this action without further notice for the reasons discussed above.

DATED January 15, 2015, at Denver, Colorado.

                BY THE COURT:

                S/ Gordon P. Gallagher

                United States Magistrate Judge