IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03399-PAB-MJW

DELISE ROSS,

Plaintiff,

v.

DANIEL CLARK,

Defendant.

---

**REPORT & RECOMMENDATION THAT THE COURT GRANT DEFENDANT'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (Docket No. 23)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff Delise Ross believes she was wrongfully arrested and charged with a crime.  The criminal charges were dismissed, and she has sued the arresting officer for violating her constitutional rights.  The arresting officer, Defendant Daniel Clark, has moved to dismiss.  (Docket No. 23.)  District Judge Philip A. Brimmer referred the motion to the undersigned.  (Docket No. 26.)  The Court has reviewed the parties' filings (Docket Nos. 23, 29, 35, 36, & 37), taken judicial notice of the court's entire file in this case, and reviewed the applicable Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, the Court recommends that Defendant's motion be granted.

## Facts as Alleged in the Amended Complaint

On September 11, 2011, Plaintiff was leaving a friend's house when she was approached by an officer "with guns to [her] face" and told to "get down."  (Docket No.

10, p.2.)  She did so, and was arrested.  She was informed that she fit the description of

a suspect in a robbery and assault.  (*Id.*)  This was unfounded—she did not, in fact, fit

the description of the suspect—and the charges were ultimately dismissed.  (*Id.*; *see

also* Docket No. 29; Docket No. 37.)

### Plaintiff's Legal Claims

On December 17, 2014, Plaintiff filed her original *pro se* complaint with this

Court.  (Docket No. 1.)  Following an initial review under 28 U.S.C. § 1915(e)(2)(B), the

Court ordered Plaintiff to file an amended complaint.  (Docket No. 1.)  She did so on

February 5, 2015.  (Docket No. 10.)  The first claim for relief states:

> Illegal Harassment
>
> I did not fit the physical description, given by the witness not the alleged
> victim . . . .  Being wrongly accused/imprisoned.  [Defendant] pursued
> taken me to jail which created a tremendous amount of stress, anxiety to
> include mental emotional distress, being falsely accused.  [Defendant] was
> given precise description of the alleged suspect/color of bike suspect
> w[as] on.  My bike did not match.  Still took me to jail.  With insufficient
> identification.

(*Id.*, p. 3.)  The second claim for relief states:

> [Defendant] on 9/17/2011 violated my 4th Amendment Constitutional
> Right.  Unreasonable search/seizure.  Arrested me for a crime not
> committed by [me].  [Defendant] had information from eyewitness [] who
> appeared at the identity hearing.  I clearly was no described as a
> suspected.  I was arrested because [Defendant] said he saw me on a
> bike.  Insufficient evidence for arrest.  Unlawfully being falsely [accused].

(*Id.*, p. 4.)  The third claim for relief states:

> Violated Equal Protection rights.  Falsely accused/wrongly imprisoned.
> Brought tremendous emotional, mental distress.  Being confined from
> 9/17/2011 to 1/2012 until I was able to post bond ($50,000).  [Defendant]
> filed his police report knowing I did not fit suspect identification, I have to
> battle this matter for 2 years without a victim in Arapahoe Combined
> Courts until case dismissed, lacked sufficient evidence.  Wrote a police

report against me.  Trying to place me at the scene/suspect.  Seeking injustice/miscarriage of justice.

(*Id.*, p. 5.)  Later, in the prayer for relief, Plaintiff adds references to malicious prosecution and to substantive due process under the Fourteenth Amendment.  (*Id.*, p.6.)

## Discussion

Defendant characterizes the foregoing allegations as false-arrest and malicious-prosecution claims, and he moves to dismiss based on (1) the statute of limitations, (2) failure to plausibly plead facts establishing relief; and (3) qualified immunity.  Defendant does not address any Equal Protection or Due Process claims.

I.     Statute of Limitations

Although an affirmative defense, the statute of limitations can be raised on a motion to dismiss if the complaint itself plainly establishes the defense.  *ASARCO, LLC v. Union Pac. R.*, 765 F.3d 999, 1004 (9th Cir. 2014); *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1311 n. 3 (10th Cir. 1999), *overruled on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ("Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period").

As recently explained by Judge Jackson:

"[T]he limitation period for an action under 42 U.S.C. § 1983 . . . is set by the personal injury statute in the state where the cause of action accrues." *Roberts v. Barreras,* 484 F.3d 1236, 1238 (10th Cir. 2007).  In Colorado, the applicable statute of limitations is two years.  *See Myers,* 738 F.3d at 1194 (citing C.R.S. § 13–80–102(1)(a)).  However, "[f]ederal law determines the date on which the claim accrues and, therefore, when the limitations period starts to run." *Id.*  Under federal law, "[a] claim of false imprisonment accrues when the alleged false imprisonment ends." *Id.*

> "The false imprisonment ends . . . when the victim is released or when the victim's imprisonment becomes pursuant to legal process—when, for example, he is bound over by a magistrate or arraigned on charges." *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008) (internal citations, quotations, and alterations omitted).

*Chavez-Torres v. City of Greeley*, No. 14-cv-01187-RBJ, 2015 WL 1850648, at *3 (D. Colo. Apr. 21, 2015). Plaintiff's Amended Complaint does not reveal when she made her initial appearance before a judicial officer, but it plainly alleges when she was released: when she posted bond in January 2012. Thus, to the extent she states a false-imprisonment or false-arrest claim, the statute of limitations expired in January 2014.

Plaintiff argues, in response, that the criminal case against her was not dismissed until July 2013, and thus the statute of limitations ought to begin running at that point. Plaintiff's theory is reasonable—as will be seen below—but it does not apply to false arrests or false imprisonment. *Margheim v. Buck*, No. 12-cv-01520-WJM-BNB, 2013 WL 4079174, at *3–5 (D. Colo. Aug. 12, 2013), *vacated in part on other grounds*, 2014 WL 2206940 (D. Colo. May 27, 2014). Accordingly, insofar as her Amended Complaint seeks relief on a false-imprisonment or false-arrest theory, the claim is time-barred.

The same cannot be said for any malicious-prosecution theory advanced by Plaintiff, however. As recently explained by the Tenth Circuit:

> The applicable statute of limitations is two years for both false imprisonment and malicious prosecution, but the two claims do not accrue simultaneously. A claim of false imprisonment accrues when the alleged false imprisonment ends. A claim of malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor. . . .

What separates the two claims?—the institution of legal process. Unreasonable seizures imposed without legal process precipitate Fourth Amendment false imprisonment claims. Unreasonable seizures imposed with legal process precipitate Fourth Amendment malicious-prosecution claims. Like rain and snow, the claims emanate from the same source, but under different conditions.

In *Wilkins v. DeReyes,* we employed the legal-process distinction. 528 F.3d 790 (10th Cir. 2008). DeReyes allegedly obtained an arrest warrant for Wilkins based on fabricated evidence gathered by using coercive interrogation techniques. This Court said that where detention occurs after the institution of legal process, a plaintiff can claim that the legal process itself was wrongful, and thereby state a Fourth Amendment violation sufficient to support a § 1983 malicious prosecution cause of action.

*Myers v. Koopman*, 738 F.3d 1190, 1194–95 (10th Cir. 2013) (most internal citations, quotation marks, and alterations omitted). Here, Plaintiff does not allege whether there was an arrest warrant or not. If there was a warrant, her claim is one for malicious prosecution—and the statute of limitations did not begin running until July 2013. Thus, it is not apparent on the face of the complaint that her malicious-prosecution theory is time-barred.

II. Plausibly Stating a Claim

As recently set forth by Judge Brimmer:

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's claim to relief . . . plausible on its face. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. If a complaint's allegations are so general that they encompass a wide swath of conduct, much of it innocent, then plaintiff has not stated a plausible claim. Thus, even though modern rules of pleading are somewhat forgiving, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.

*Scott v. Honeywell Int'l Inc.*, No. 14-cv-00157-PAB-MJW, 2015 WL 1517527, at *3 (D. Colo. Mar. 30, 2015) (most internal citations, quotation marks, and alterations omitted).

As an initial matter, Plaintiff's Fourteenth Amendment theories can be quickly dismissed. Her oblique reference to substantive due process in her prayer for relief does not state a claim because it would be merely duplicative of the other claims in this suit. *See Shimomura v. Carlson,* 17 F.Supp.2d 1120, 1129 (D. Colo. 2014) ("'[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of [ ] due process, must be the guide for analyzing these claims.'" (quoting A*lbright v. Oliver*, 510 U.S. 266, 273 (1994))). Likewise, although Plaintiff referred to her Equal Protection rights, she provided no allegations suggesting any sort of improper classification—and thus, any such claim can also be summarily dismissed.

As to Plaintiff's Fourth Amendment theories, the only theory that might survive the statute of limitations is a malicious-prosecution theory. The elements of such a claim are:

> (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.

*Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). Viewing the Amended Complaint in the light most favorable to Plaintiff, all of these elements are plausibly alleged except one: Defendant's malice. There are no allegations from which it can be inferred that Defendant acted with any ill will or bad intent. The Amended Complaint alleges only that Defendant arrested Plaintiff, and neither Plaintiff nor the bicycle she

was riding met the description of the suspect.  There is no way for the Court to infer

malice by the Defendant from those allegation, and Plaintiff has therefore failed to state

a claim.  Indeed, because the complaint fails to allege anything more than a mistake or

negligence by Defendant, he is entitled to qualified immunity.  *Cf. Malley v. Briggs,* 475

U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (qualified immunity provides

"protection to all but the plainly incompetent or those who knowingly violate the law.").

Plaintiff has been directed to the *Wilkins* elements once before, and informed of

her obligation to plead facts establishing each one.  (Docket No. 8.)  As such, the Court

finds that further amendment would be futile and that this case should be dismissed with

prejudice.

### Recommendation

For the foregoing reasons, the Court recommends that Defendant's Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 23) be GRANTED and that

this case be DISMISSED WITH PREJUDICE for failure to state a claim upon which

relief can be granted.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives de novo review of the**

recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).


Dated:      May 18, 2015                        <u>*/s/ Michael J. Watanabe*</u>
            Denver, Colorado                    Michael J. Watanabe
                                                United States Magistrate Judge