IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-03399-PAB-MJW

DELISE ROSS,

     Plaintiff,

v.

DANIEL CLARK,

     Defendant.

## ORDER

     This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 38] filed on May 18, 2015. The magistrate judge recommends that the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 23] filed by defendant Daniel Clark be granted and that this case be dismissed in its entirety. Docket No. 38 at 7.

     The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiff. Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *See id.* at 1059 (quoting *Thomas v. Arn*, 474

U.S. 140, 147 (1985)); *see also Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("an objection stating only 'I object' preserves no issue for review"). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In light of plaintiff's pro se status, the Court construes her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

The background facts set forth in the Recommendation will not be restated here. *See* Docket No. 38 at 1-2. The Recommendation concluded that, with the exception of any malicious prosecution claim, plaintiff's claims were barred by the statute of limitations. *Id.* at 3-4. The Recommendation concluded that, to the extent plaintiff advanced a malicious prosecution theory, plaintiff failed to plead sufficient facts to establish the element of malice. *Id.* at 6-7 (quoting *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (setting forth elements of Fourth Amendment malicious prosecution claim)).

Plaintiff filed two documents that could be characterized as objections to the Recommendation. In a document entitled Plaintiff's Support of Plaintiff's Motion Opposing Case Dismissal [Docket No. 39], plaintiff argues that an eyewitness named Jamal Brown described the suspect in the robbery and assault for which plaintiff was

arrested as a black male on a bike. Docket No. 39 at 2, 4. Plaintiff appears to argue that, because she did not fit that description, the arrest violated her constitutional rights. *Id.* at 4. Because this document is not responsive to the Recommendation, it is insufficient to trigger de novo review.

In a document entitled Plaintiff's Motion Opposing Case Be Not Dismissed [Docket No. 40], plaintiff argues that she has not failed to state plausible claims for relief. First, plaintiff argues that her claims against defendant are for (1) false arrest, (2) false imprisonment, (3) illegal harassment, (4) false reporting, (5) violation of the Fourth Amendment, and (6) violation of the due process clause. Docket No. 40 at 4. However, to the extent plaintiff argues that the Recommendation mischaracterized her claims, plaintiff fails to establish that any of the additional claims she now attempts to assert are timely. This aspect of her objection is therefore overruled.

Plaintiff next sets forth the events of the date of her arrest, arguing that those events establish that her Fourth Amendment and due process rights were violated and that she was wrongfully accused, wrongfully incarcerated, and, among other things, that defendant filed a false police report against her. *Id.* at 4-7. Plaintiff argues that she did not match the description of the robbery/assault suspect and that, on July 3, 2013, her criminal case was dismissed. *Id.* at 8-9. Such arguments are not responsive to the Recommendation's grounds for concluding that plaintiff failed to state a claim.

Plaintiff appears to argue that the Court should set aside the two-year statute of limitations, but plaintiff does not establish that she is entitled to equitable tolling or otherwise provide a basis upon which the Court could excuse plaintiff's untimely claims. *See Braxton v. Zavaras*, 614 F.3d 1156, 1162 (10th Cir. 2010) (recognizing that

equitable tolling is appropriate in extraordinary circumstances).

Plaintiff argues that defendant disregarded Mr. Brown's description of the suspect when arresting her. Docket No. 40 at 11. The Recommendation considered and rejected the same argument, Docket No. 38 at 6-7, and plaintiff does not specifically attack the magistrate judge's conclusion so as to trigger de novo review. Moreover, the allegation that defendant disregarded Mr. Brown's suspect description in arresting plaintiff does not, by itself, evidence malice on the part of defendant. *Cf. Wilkins*, 528 F.3d at 801 (suggesting that officers recklessly or intentionally coercing false statements was sufficient to satisfy malice element of Fourth Amendment malicious prosecution claim). Thus, this aspect of plaintiff's objection is overruled.

Plaintiff's filings also appear to argue that her arrest was the result of racial profiling. *See* Docket No. 29 at 8; Docket No. 39 at 4; Docket No. 40 at 8. Plaintiff argues that she was the "only black individual" on a bike in the area at the time of her arrest. Docket No. 40 at 8; Docket No. 39 at 4 ("Police stopped the 1st person they saw on a bike"). A racially selective arrest can give rise to an equal protection claim. *See Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1167-68 (10th Cir. 2003). In order to sustain such a claim, a plaintiff must show that the defendant's actions "had a discriminatory effect and were motivated by a discriminatory purpose . . . . The discriminatory purpose need not be the only purpose, but it must be a motivating factor." *Id.* However, regardless of whether plaintiff alleges sufficient facts to survive a motion to dismiss on an equal protection theory, such a claim is based on her September 11, 2011 arrest and is therefore barred by the statute of limitations. *See*

Colo. Rev. Stat. § 13-80-102; *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993).

To the extent that plaintiff's allegations regarding racial profiling could be relevant to the malice element of a malicious prosecution claim, plaintiff fails to allege sufficient facts to support an inference that defendant was motivated to arrest plaintiff because of her race. *See Barton v. City & Cnty. of Denver*, 432 F. Supp. 2d 1178, 1194 (D. Colo. 2006) ("Malice is shown if the primary motive of the defendant was a motive other than a motive to bring to justice a person thought to have committed a crime."). Plaintiff does not, for example, appear to allege that non-African American persons otherwise fitting Mr. Brown's description of the robbery suspect were in the area at the time of plaintiff's arrest, but were not arrested. Although plaintiff labels defendant's conduct as "racial profiling," *see* Docket No. 39 at 4, and points out the fact that she is African American, such allegations are, by themselves, insufficient to establish an inference that racial bias was defendant's primary motive in arresting plaintiff. Moreover, qualified immunity grants officers "immunity for reasonable mistakes as to the legality of their actions." *Saucier v. Katz*, 533 U.S. 194, 206 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). Although plaintiff did not fit Mr. Brown's description of the robbery suspect in every respect, plaintiff does not allege sufficient facts to establish that defendant's conduct in arresting plaintiff was unreasonable under the circumstances.

The last three pages of Docket No. 40 request that the Court order the parties to engage in mediation or arbitration. Docket No. 40 at 13-15. Because this case will be dismissed in its entirety, the Court will not grant plaintiff's request.

The Court has reviewed the remainder of the Recommendation and is otherwise

5

satisfied that no clear error exists on the face of the record.  See *Thomas*, 474 U.S. at 150.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 38] is **ACCEPTED**.  It is further

**ORDERED** that defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 23] is **GRANTED**.  It is further

**ORDERED** that this case is dismissed in its entirety.

DATED June 30, 2015.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge